# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**CARLOS CORDERO JIMENEZ, et al.**

    Plaintiffs

        v.                                  **CIVIL NO. 01-1544 (DRD)**

**CARLOS DELGADO ALTIERI, et al.**

    Defendants

## OPINION AND ORDER

Plaintiffs brought forth suit against defendants on May 1st, 2001 pursuant to 42 U.S.C. § 1983 in which they alleged defendants violated their constitutional rights as guaranteed in both the Constitution of the United States of America and the Constitution of the Commonwealth of Puerto Rico. (Docket No. 1). Furthermore, plaintiffs claim damages pursuant to Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 P.R. Laws Ann § 5141, and 5142. In essence, plaintiffs sustain they were object of an adverse employment action due to their political beliefs.

On July 1, 2003, defendants filed a *Motion for Summary Judgment and Memorandum of Law in Support Thereof*. (Docket No. 78). Subsequently, on March 31, 2004, the Court issued an *Opinion and Order* (Docket No. 98) in which the Court granted in part and denied in part defendant's *Motion for Summary Judgment* (Docket No. 78). In said *Order*, the Court concluded that a certain number of the plaintiffs failed to establish a *prima facie* case of political discrimination. Moreover, the Court found that plaintiffs did not reach the threshold level required under the First Amendment and Section 1983 as established by precedent case law. However, the

Court reasoned that plaintiffs, Juan A. Bonilla Millet, Jose Crespo Misla, Nemesio Morales Valentin, Olga Iris Rivera Soto, Elizabeth Rosado Ramos, Luis R. Bonilla Mercado, Wanda Leon Miranda, Omar Munoz Barreto, Johnny Gonzalez Feliciano, Nancy Aquino Martinez, Alberto Augusto Mercado, Doris Martinez Lopez, Maricela Cruz Ortube, and Mabel Vendrell Reyes successfully met the initial burden of showing a *prima facie* case of political discrimination.  On April 8, 2004, the Court entered an *Amended Order*, but only added further case law regarding the standard for showing an adverse employment action in the First Amendment retaliation context. (Docket No. 103).

Now pending before the Court are defendants' *Motion for Partial Reconsideration of this Honorable Court Issued on March 31, 2004*, filed on April 19, 2004, and *Motion for Reconsideration*, filed on April 26, 2004.  (Docket Nos. 109, and 111, respectively).  Plaintiffs timely opposed said requests.  (Docket Nos. 110, and 112).  In their first request, defendants specifically ask the Court to reconsider the denial of the dismissal of the claims of eleven (11) of the Irregular and Law 52 plaintiffs.[1]  Furthermore, the defendants also request this Court to reconsider the denial of the dismissal of the career employees of the Municipality who allege harassment due to their political affiliation due to them having failed to allege a cause of action under federal law.[2] In their second request, defendants purport the Court summarily dismisses all claims against them under the qualified immunity defense, as well as dismiss the constitutional claims of a group of

---

[1]  Juan A. Bonilla Millet, Nemesio Morales Valentin, Olga Iris Rivera Soto, Elizabeth Rosado Ramos, Omar Munoz Barreto, Johnny Gonzalez Feliciano, Nancy Aquino Martinez, Alberto Augusto Mercado, Doris Martinez Lopez, Maricela Cruz Ortube, and Mabel Vendrell Reyes.

[2]  Maribel Machado Rios and Carmen Ramos Santiago.

certain plaintiffs,[3] against a certain group of defendants,[4] for them not having asserted that they incurred in the claimed violations.

## I.  Standard of Review

Motions for reconsideration are generally considered either under Fed. R. Civ. P. 59 or Rule 60, depending on the time such a motion is served.  Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993).  **Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court.**  *See* Villanueva Mendez v. Vazquez, 360 F.Supp.2d 320 (D.P.R. 2005); Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202, n.4 (D.P.R. 1999), *emphasis added*.  **These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law.**  *See* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir., 1994) *citing* F.D.I.C. Ins. Co. v. World University, Inc. 978 F.2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Com. 20 F. Supp. 2d 282, 286 (D.P.R., 1998); *see also* National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). Hence, this vehicle **may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier".**  Id., at 123.  *See also*, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa. 1994) (a motion

---

[3]  Jose Crespo Misla, Nemesio Morales, Olga Iris Rivera, Elizabeth Rosado, Luis Bonilla, Wanda Leon, Omar Munoz, Johnny Gonzalez, Nancy Aquino, Alberto Augusto Mercado, Doris Martinez, Maricela Cruz Ortube, Mabel Vendrell Reyes, Jose Moya Carides, Mildred Roman Munoz, Maribel Machado, Carmen Ramos Santiago, Dolores Vendrell Corchado, and Aldalberto Gonzalez Acevedo.

[4]  Carlos Delgado Altieri, Jose Luis Gonzalez, Amilcar Gonzalez, Celestina Gonzalez, and Matilde Rodriguez.

for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration.  Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D 275, 287 (D.C. Col. 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995).  Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) if it seeks to change the order or judgment issued.  Id.  Further, although Rule 59(e) refers to judgments, i.e rulings that are appealable, Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders.  See Waye v. First Citizen's National Bank, 846 F.Supp. 310 (request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundationn v. Karg Bros. Inc., 841 F.Supp. 51, 55 (N.D.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D 99 (E.D Va. 1983) (motion for reconsideration of order denying motion to dismiss).

Although the general rule is that motions for reconsideration will not be considered when filed more than ten days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders.  With interlocutory orders, whether a motion for reconsideration has been timely filed or not rests solely on whether or not the motion was filed unreasonably late.  See McDowell Oil Service, Inc. v. Interstate Fire and Casualty Company, 817 F. Supp. 538, 543 (M.D Pa. 1993); Frito Lay of Puerto Rico, Inc. v. Cañas, 92 F.R.D. 384, 389-90 (D.P.R. 1981); Atlantic States Legal Foundation v. Karg Bros., 841 F.Supp. at 55; McCarthy v.

Manson, 714 F.2d 234, 237 (2ⁿᵈ Cir. 1983).

As a general rule, motions for reconsideration should only be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions...hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

Williams v. City of Pittsburgh, 32 F.Supp. 2d 236, 238 (W.D. Penn. 1998).

Thus, in interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because parties should not be free to relitigate issues a court has already decided. Id. (citing New Chemic (U.S), Inc. v. Fire Grinding Corp., 948 F.Supp. 17, 18-19 (E.D Pa. 1996). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly". Williams v City of Pittsburgh, 32 F.Supp.2d at 238. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D.Pa. 1992).

"A motion for reconsideration of an order to grant [or deny] summary judgment is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure". Trabal Hernandez v.Sealand Service, Inc., 230 F.Supp.2d 258, 259 (D.P.R. 2002); Rosario Rivera v. PS Group of P.R., Inc., 186

F.Supp.2d 63, 65 (D.P.R. 2002).  "These motions should be granted to correct "manifest errors of law" or to present newly discovered evidence".  Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; F.D.I.C v. World Univ. Inc., 978 F.2d 10,16 (1st Cir.1992); Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d at 123.  Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment".  Pacific Insurance Company v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir., 1998) "Neither are Rule 59(e) motions appropriate 'to repeat old arguments previously considered and rejected'." Trabal Hernandez v. Sealand Services, Inc. 230 F.Supp. 2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123; Colon v. Fraticelli-Viera 181 F.Supp.2d 48, 49 (D.P.R 2002).  **Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly'.**" Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123; and are **"typically denied**", 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 at 128 (2d ed. 1995) *emphasis added*.

A Rule 60(b) motion permits the Court to "relieve a party...from a final judgment, order, or proceeding" for the specifics instances prescribed by the rule.  However, Rule 60(b)(6) applies only in exceptional and extraordinary circumstances, that is, "unusual and extreme situations where principles of equity *mandate* relief" Jinks v. Alliedsignal Inc., 250 F.3d at 387, *citing* Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) *emphasis in the original*. This remedy motion is not to be used as a substitute for appeal.  *See* Jinks v. Alliedsignal Inc., 250 F.3d 381, 386, *citing* Greenwood Explorations Ltd v. Mert Gas & Oil Corp., Inc., 837 F.2d 423, 427 (10th Cir. 1988).

Within these parameters, the Court reviews plaintiffs' request for reconsideration as to its

previous decision granting defendants' request for summary disposition.

## II.  Legal Analysis

In both their *Motions*, defendants request the Court to revisit its decision and reconsider its findings that supported the Court's conclusion to deny in part defendants' motions for summary judgment.  Defendants, in essence, ask the Court to summarily dismiss the claim against them due to plaintiffs' own failure to state a claim upon which a relief may be granted.  Specifically, defendants argue that: "Plaintiffs failed to show that there is a causal connection linking their political beliefs to the alleged employer's adverse action since the employer did not have knowledge of their alleged requests."  In addition, they also sustain that "Plaintiffs' general and unsupported allegations that the non-renewal of their contracts were due solely to their NPP affiliation in violation of their constitutionally protected rights, do not even approach plaintiffs' initial burden to establish a prima facie case of political discrimination."  Defendants explain that the alleged proof regarding the group of plaintiffs mentioned above is a mere collection of unsupported and general allegations which, in turn, lack any substantial supporting evidence and, thus, should be dismissed.  They further assert that plaintiffs' "self-serving conclusions that defendant was motivated by discriminatory animus is not enough to state a constitutional claim," since plaintiffs failed to bring forth any evidence specifically identifying particular instances of discriminatory animus.  Finally, they propose that plaintiffs were no longer employees of the Municipality, that there is no continuity of temporary employment, and that no clearly established statutory of constitutional right has been violated entitling them to qualified immunity.

Plaintiffs, on the other hand, sustain that defendants' requests for reconsideration only rehash arguments previously discussed in their initial motion for summary judgment.  They also contend

defendants have presented neither any new arguments, nor an intervening change in law which ensued after the relevant ruling, nor claimed that the Court's original ruling reflects manifest errors of law.  Accordingly, plaintiffs move the Court to sustain its initial ruling and deny both of defendants' motions to reconsider.  Finally, plaintiffs argue that defendants' request are untimely given that "while motions for amendment of judgments extend the time to appeal from judgments and appealable orders if filed on a timely fashion, they do not stay interlocutory orders or toll running of other limitations periods."  However, the Court is not moved by said argument and finds that neither of defendants' motions for reconsideration was filed inordinately or unreasonably late.

After careful consideration of the parties averments and positions, the Court finds that defendants' motions are, in fact, reinstatements of the arguments previously considered and already rejected in the Court's *Opinion and Order* at Docket No. 98.  As previously stated, a request for reconsideration cannot be used merely to reargue a point already decided.  *See* Barret v. Lombardi, 239 F.3d 23,28 (1st Cir. 2001) *citing* Cody Inc., v. Town of Woodbury, 179 F.3d 52, 56 (2d Cir. 1999); Cashner v. Freedom Stores Inc., 98 F. 3d 572, 577 (10th Cir. 1996).

A reconsideration of a previously issued *Order* is "addressed to the sound discretion of the trial court."  Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986), *citing* Pagan v. American Airlines Inc., 534 F.2d 990, 993 (1st Cir. 1976).  The Court may grant a party's motion for reconsideration if the movant presents new evidence not previously available, an intervening change in controlling law or  the need to correct a clear error of law or to prevent manifest injustice.  *See* Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D Pa. 1992).  To the extent that the motion for reconsideration merely requests the Court to revisit Defendants' previous allegations, all of which were carefully considered by the Court prior to its issuance of its *Opinion & Order*, the

request should be refused.

Defendants in the instant case failed to establish that the Court's *Opinion and Order* suffers from "manifest errors of law" that should be corrected.  Trabal Hernandez v. Sealand Service, Inc., 230 F.Supp. 2d at 259.  They also failed to bring forth newly discovered evidence that the Court should consider, an intervening change in controlling law, or the need to prevent manifest injustice in order to be entitled to the relief sought.  Dodge v. Susquehanna University, 796 F.Supp. at 830. A motion for reconsideration is not the means to simply raise a point of disagreement between the court and the litigant.  Waye v. First Citizen's National Bank, 846 F.Supp. at 314 n.3.  Furthermore, Defendants have failed to bring forth any evidence to justify relief pursuant to Rule 59.  In sum, Defendants have failed to establish that this is a unique situation " where principles of equity *mandate* relief" Jinks v. Alliedsignal Inc., 250 F.3d at 387 *citing* Olle v. Henry & Wright Corp., 910 F.2d at 365, *emphasis in the original*, that justifies that the extraordinarily remedy requested should be granted.  Defendants simply request the Court to reconsider arguments that were already discussed at this Court's order.  Once again, this tool is not a means for a party to request the Court "to rethink a decision it has already made, rightly or wrongly."  Williams v. City of Pittsburgh, 32 F.Supp. 2d at 238.

Motions for reconsideration are an extraordinary remedy which should be sparingly granted. Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123.  Defendants have failed to bring forth any substantial argument that would entitle them to such exceptional remedy.  The Court merely refers defendants to the original determination by the Court set forth at Docket No. 98.  Accordingly, defendants' *Motion for Partial Reconsideration* (Docket No. 109), and *Motion for Reconsideration*

(Docket No. 111) are hereby **DENIED**.

**IT IS SO ORDERED.**

**Date: May 24, 2005**                    <u>**S/ Daniel R. Dominguez**</u>
                                          **DANIEL R. DOMINGUEZ**
                                          **U.S DISTRICT JUDGE**