**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**ALCIDES ROMAN ROMAN, et al.
Plaintiffs**

    **v.**                                                                                        **CIVIL NO. 01-1544 (DRD)**

**CARLOS O. DELGADO ALTIERI, et al.
Defendants**

## ORDER

      Pending before the Court is co-defendants', the Municipality of Isabela and Hon. Mayor Carlos O. Delgado Altieri, Jose Luis Gonzalez, Amilcar Gonzalez, Celestino Gonzalez, and Matilde Rodriguez Gonzalez, in their official and personal capacity, *Urgent Joint Motion for Stay Pending Appeal*. (Docket No. 179). Through said motion, co-defendants request the Court to issue an order staying the instant case pursuant to their having filed a Notice of Appeal to the United States Court of Appeals for the First Circuit (Docket No. 177) regarding this Court's *Opinion and Order* denying them qualified immunity (Docket No. 170).[1] Furthermore, co-defendants argue that by filing an interlocutory appeal, as of right from a denial of a qualified immunity, necessarily deprives this Court of jurisdiction over any subsequent proceedings. However, this Court's lack of jurisdiction as a consequence of said appeal turns on whether the appeal is determined frivolous by this Court. Thus, if a court were to conclude that the appeal is frivolous, then the district court retains jurisdiction over the proceedings **even after** the filing of the interlocutory appeal. Hence, the Court must make such a determination in order to either grant or deny co-defendants' request for a stay.

---

[1] Co-defendants are appealing the following order:

At this time, the Court finds defendants' request for summary judgment based on qualified immunity to be MOOT as to the due process causes of action provided that the Court resolved said issue herein in favor of defendants. Finally, a different result is warranted as to plaintiffs' First Amendment causes of action. This Court considers that defendants' adverse employment action against NPP affiliates which stemmed from defendants' following the law as to plaintiffs' non complying with career requirements **while, at the same time, employing PDP affiliates violating this same statute**, as has been proffered by the plaintiffs herein, undoubtedly raises a *prima facie* case of pretext and discriminatory *animus* directly linked to plaintiffs' First Amendment causes of action. *See* Acosta Sepulveda v. Hernandez Purcell, 889 F.2d 9, 13 (1st Cir. 1989) (action should not have been taken but for their political affiliation). Accordingly, the Court cannot enter summary judgment at this stage of the proceedings favoring defendants. Furthermore, should defendants not have complied with legal requirements, publication, etc., in the appointment of new employees, plaintiffs have all been left out of potentially qualifying from the career position. Defendants, knowing the law, purposely refused to follow the law, and, hence, qualified immunity is DENIED. *See* Rivera Torres v. Ortiz Velez, 341 F.3d 86, 97 (1st Cir. 2003) ("[T]he employers subjective motive is an essential element of the constitutional violation itself, and cannot be divorced from the qualified immunity inquiry.").

*Opinion & Order* of October 5, 2005, Docket No. 170, at 33 n.15.

Contrary to co-defendants' analysis, however, the Court need not *certify* the denial of the stay to the First Circuit.[2]  *See* Rivera Torres v. Ortiz Velez, 341 F.3d 86, 96 (1st Cir. 2003) ("We have never adopted the *Apostol* certification procedure in this circuit.  Although appellants urge us to do so here in the hopes of adding fuel to their nullity argument, we decline their invitation.").

There is no question that "a district court's denial of a claim of qualified immunity, **to the extent that it turns on an issue of law**, is an appealable 'final decision' within the meaning of 28 U.S.C. §1291 notwithstanding the absence of a final judgment." Behrens v. Pelletier, 516 U.S. 299, 306, 116 S.Ct. 834 (1996) (*emphasis ours*).  However, even when an appeal from the pre-trial denial of qualified immunity is available when the appeal is based on a purely legal ground, the pre-trial denial of qualified immunity due to issues of fact is not appealable.  *See* Acevedo Garcia v. Vera Monroig, 204 F.3d 1, 10 (1st Cir. 2000) ("A summary judgment order which determines that the pretrial record sets forth a genuine issue of fact, as distinguished from an order that determines whether certain given facts demonstrate, under clearly established law, a violation of some federally protected right, is not reviewable on demand.").

As is pellucid from this Court's *Opinion and Order*, the denial of qualified immunity was circumscribed exclusively to an unresolved issue of fact – that defendants (PDP affiliates) were apparently filling career positions with PDP followers violating the same requirements defendants manifested to support their adverse employment actions against plaintiffs (failure to comply with procedure to satisfy career status) – within a legal scenario strongly indicative of improper political discrimination.  *See e.g.* Rivera Torres, Id.  As such, and taking into consideration case law descriptive of frivolity, an appeal of an unresolved factual question is absolutely baseless and cannot, as of right, be appealable, thus, turning the appeal frivolous.  ("We will not countenance frivolous impositions of this sort upon one's litigation adversaries.  Hope may, as the aphorist would have it, spring eternal; but appeals founded on hope alone, unanchored in law or fact, should not be prosecuted." Ochoa Realty Corp. v. Faria, 815 F.2d 812, 818 (1st Cir. 1987).)  Accordingly, the Court does not esteem a stay in this unquestionably overaged case that would necessarily cause undue harm to the instant plaintiffs as plausible.  Hence, co-defendants request for stay pending appeal (Docket No. 179) is **DENIED**.  Finally, plaintiffs' subsequent *Motion Requesting Reconsideration of Order Regarding Pretrial Conference* wherein they solicit the Court to continue *sine die* all proceedings until their request for reconsideration as to the above *Opinion and Order* is ruled upon (Docket No. 183) is also **DENIED**.

---

[2]  It has been more than established by a myriad of Circuits that frivolity, " 'like obscenity, is often difficult to define.' " NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir. 1987) *quoting* WSM, Inc. v. Tennessee States Co., 709 F.2d 1084, 1088 (6th 1983).  Moreover, the courts have overwhelmingly agreed on a definition: "an appeal is frivolous when the result is obvious and the arguments on appeal wholly lack merit."  GREGORY P. JOSEPH, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE § 32(A)(1) (2000); *see also e.g.* Autorama Corp. v. Stewart, 802 F.2d 1284, 1288-89 (10th Cir. 1986); Reliance Ins. Co. v. Sweeny Corp., 792 F.2d 1137, 1138 (D.C. Cir. 1986); Natasha, Inc. v. Evita Marine Charters, Inc., 763 F.2d 468, 472 (1st Cir. 1985); Spiegel v. Continental Ill. Nat'l Bank, 790 F.2d 638, 650 (7th Cir.) *cert. denied*, 479 U.S. 987 (1986); Dallo v. INS, 765 F.2d 581, 589 (6th Cir. 1985); In re Akros Installations, Inc., 834 F.2d 1526, 1533 (9th Cir. 1987); Coghlan v. Starkey, 852 F.2d 806, 811 and n.8 (5th Cir. 1988); Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir. 1988); Willner v. Budig, 848 F.2d 1032, 1036 (10th cir.) *cert. denied*, 488 U.S. 1031 (1989).

**All previously scheduled hearings and conference remain unaltered and will not be continued.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of November of 2005.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT COURT**
