IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ALCIDES ROMAN ROMAN, et al.**
**Plaintiffs**

    v.                                                CIVIL NO. 01-1544 (DRD)

**CARLOS O. DELGADO ALTIERI, et al.**
**Defendants**

### ORDER

Pending before the Court are *Defendants' Motion for Reconsideration*, and *Plaintiffs' Motion for Reconsideration of Opinion and Order*. (Docket Nos. 172, and 175, respectively). Through said motions, the parties request the Court to reconsider its previous *Opinion and Order* of October 5, 2005 (Docket No. 170).

The Court shall first address plaintiffs' request. Plaintiffs request the Court to allow Luz E. Corchado Corchado, Edna Maldonado Miranda, Agustin Hernandez Tavarez, Rosa H. Rodriguez Jurabe, Sonia M. Vigo a/k/a Sonia Martinez, Angel Gonzalez Rivera, and Luis Pimentel Avila to bring forth their First Amendment rights. In particular, they argue that "it is well settled law that the fact than an appointment or reinstatement of a public servant does not comply with state law does not preclude that public servant from presenting before a jury his claim that the defendant used such alleged illegality as a pretext to discriminate against him." Finally, plaintiffs ask the Court to allow plaintiffs Maria A. Feliciano Rodriguez, William Martinez Lopez, Adalberto Gonzalez Medina, Mariano Crispin Escalera, and Raul Jurabe Ponce "to submit to the jury their claim that their demotion from the career position to which they were reinstated was predicated in political discrimination and that the alleged illegality of their reinstatements was used as a pretext to cover up defendants' political *animus*."

It appears to the Court that plaintiffs have apparently misinterpreted the Court's previous decision. First and foremost, from a cursory reading of said order it is pellucid that plaintiffs Corchado Corchado, Maldonado Miranda, Hernandez Tavarez, Rodriguez Jurabe, Vigo, Gonzalez Rivera, and Pimentel Avila have not been precluded from presenting their First Amendment rights. In fact, the Court concluded that *brevis* disposition as to these plaintiffs' First Amendment cause of action is inapposite and denied summary judgment against them particularly as to the First Amendment violations, thus implicitly allowing them to argue pretext pursuant to Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977). Furthermore, it appears to the Court that it was also equally clear when the Court denied *brevis* disposition against William Martinez Lopez and Mariano Crispin Escalera. Finally, as to plaintiffs Feliciano Rodriguez, Gonzalez Medina, and Jurabe Ponce, the Court, again, concluded that, although Fifth and Fourteenth Amendment causes of action did not proceed, their First Amendment causes of

action still remained active in the instant case. Accordingly, plaintiffs' request for reconsideration is **DENIED**.

On the other hand, defendants support their request for reconsideration averring that "*within* the analysis of the Mt. Healty defense a plaintiff must come forward with 'but for' evidence under Acosta Sepulveda[ v. Hernandez Purcell, 889 F.2d 9 (1st Cir. 1989)] or pretext evidence under Padilla-Garcia[ v. Rodriguez, 212 F.3d 69 (1st Cir. 2000)]" and, since plaintiffs did not bring forth any evidence regarding pretext (or so much as even addressed the issue), summary judgment should have been granted in favor of defendants. However, the Court disagrees with said argument.

It is this Court's contention, supported by First Circuit case law, that in cases involving political discrimination, it is the defendant, after plaintiff proves a *prima facie* case of discrimination, who bears the inescapable burden of persuading the factfinder that its reason for termination is credible. Moreover, the evidence proffered by plaintiffs that establish their *prima facie* case may suffice for an inference that defendants' reasoning is merely pretextual. *See* Padilla Garcia, 212 F.3d at 78-79 (citing Rodriguez Rios v. Cordero, 138 F.3d 22, 26 (1st Cir. 1998) ("Where the elements of a sufficient prima facie case combine with the factfinder's belief that the ostensible basis for (demoting an) employee was pretextual,... the factfinder is permitted to infer... intentional (political) discrimination."). Furthermore and particularly critical to this case, in a similar case before the First Circuit Court of Appeals, the First Circuit held, when referring to the fact that simply showing that an appointment was illegal under local law is not sufficient to meet defendants' *Mt. Healthy* burden, that "[i]f **defendants** demonstrated that they in fact have a practice of taking corrective action against **all** employees in such positions, or could otherwise show that they would have taken the corrective action anyway, then they were entitled to prevail." Sanchez Lopez v. Fuentes Pujols, 375 F.3d 121, 131 (1st Cir. 2004) *emphasis ours*. Defendants alleged that, in a pretext case, plaintiff must identify the other persons in similar situations as followers of the same party as the defendant employee.

There is sufficient evidence on the record showing pretext. The Court deems that an inference may be reached as to the defendant having picked and chosen the more ardent and expressive PNP affiliates to terminate while allowing to remain in service the more subdued PNP followers and members of his own political party even though they suffer the same statutory defects in their applicants as did the plaintiffs. That is to say, there is sufficient evidence on the record as to the fact that other employees, who also did not comply with all legal and statutory requirements for appointment, remained as employees. As a further matter, it seems to the Court, pursuant to the evidence proffered for the record, that once the defendant entered into office, he proceeded to hire PDP affiliates equally non-complying with the same legal and statutory requirements he utilized as the sole basis for executing the adverse employment action against plaintiffs. After evaluating the factual scenario involved herein and the totality of the record, the Court finds that plaintiffs have sufficiently complied with the standard of a *prima facie* pretext

defense complying, thus, with the *Mt. Healthy* doctrine[1] as expressed by the abovementioned First Circuit recent case law (defendants failed to take "corrective action against **all** employees" Sanchez Lopez, 375 F.3d 131). Accordingly, final determination of the alleged illegality of the defendants' adverse employment action must be left to the decision of the ultimate factfinder – the jury. Hence, defendants request for reconsideration is also **DENIED.**

Finally, in their motion for reconsideration, defendants also question the Court's "omission" of the Law 52 plaintiffs regarding summary judgment. The Court wishes to clarify to defendants that, at no point in their *Motion to Resubmit Defendants' Motion for Summary Judgment as to "Trust Employees Unlawfully Reinstated" and "Trust Employees with Illegal Career Appointments"*, and all subsequent motions further supplementing the pending motion for summary judgment discussed, failed to even mention, the Law 52 employees. As this Court has previously held in innumerable occasions, the vehicle of reconsideration under Fed.R.Civ.P. 59(e) **may not be used by the losing party** "to repeat old arguments previously considered and rejected, or **to raise new legal theories that should have been raised earlier**". National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990). For said reason, the Court will refrain from addressing defendants' request as to Law 52 employees.

**SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of December of 2005.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

[1] 492 U.S. 274, 97 S.Ct. 568 (1977).